# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD DORSEY<br>*Petitioner*,<br><br>v.<br><br>SCOTT KLINGENFELTER, et al.,<br>*Respondents*. | CIVIL ACTION<br><br>NO. 23-2583 |

**Pappert, J.**                                                                                                      **June 17, 2024**

## **MEMORANDUM**

Ronald Dorsey received a mandatory sentence of life without parole after a jury convicted him of two counts each of second-degree murder, robbery and conspiracy. After unsuccessful direct appeals, a state petition for post-conviction relief and an appeal of the petition's denial, Dorsey filed his petition for habeas relief on June 28, 2023. (Hab. Pet., ECF No. 1). Pursuant to the Court's Order (ECF No. 6), Respondents addressed whether Dorsey's habeas petition was timely filed. (ECF No. 17). Magistrate Judge Lloret subsequently issued a Report and Recommendation ("R&R") recommending Dorsey's petition be denied as untimely (ECF No. 18), and Dorsey objected to the R&R (ECF No. 20). Having thoroughly reviewed the record and all filings, the Court adopts the R&R and dimisses Dorsey's petition.

I

When a party objects to a Magistrate Judge's R&R, the Court reviews *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); *Harris v. Mahally*, No. 14-2879, 2016 WL

4440337, 2016 U.S. Dist. LEXIS 111992, at *11 (E.D. Pa. Aug. 22, 2016). "As for the portion of the R&R to which no objection was made, the Court reviews the R&R for clear error." *Id.*

II

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes the limitations period for habeas petitions. 28 U.S.C. § 2244(d)(1). Absent statutory or equitable tolling, it begins to run when a petitioner's judgment becomes final. *See id.*

Here, the Pennsylvania Superior Court affirmed Dorsey's judgment, and the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Dorsey*, No. 3592 EDA 2017, 2019 WL 1307401 (Pa. Super. Ct. Mar. 21, 2019), *appeal denied*, 217 A.3d 204, 2019 WL 3927420 (Pa. Aug. 20, 2019). Dorsey's judgment became final ninety days later, on November 18, 2019, once time expired to file a petition for certiorari to the United States Supreme Court.

III

A

Statutory tolling is "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C § 2244(d)(2). On July 7, 2020—232 days after Dorsey's judgment became final—he filed a PCRA petition. See *Commonwealth v. Dorsey*, No. 1656 EDA 2021, 2022 WL 17729340, at *1 (Pa. Super. Ct. Dec. 16, 2022). The PCRA court dismissed Dorsey's petition, and the dismissal was affirmed on appeal on December 16, 2022. *Id.* Thirty days later, on January 15, 2023, the time to file a

petition for allowance of appeal to the Pennsylvania Supreme Court expired and statutory tolling ceased. *See* § 2244(d)(1)(A); Pa. R. App. P. 903(a) (appeal must be filed within 30 days).

## B

### i

With 232 days expired in Dorsey's one-year statute of limitations, he needed to file his habeas petition on or before May 28, 2023 to be timely. Instead, he filed his petition on June 28, 2023—31 days late. Nevertheless, equitable tolling is available where a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Dorsey's objection to Judge Lloret's R&R focuses on grounds for equitable tolling and invokes the COVID-19 global pandemic as an extraordinary circumstance that "stood in [his] way" of filing a timely habeas petition. (Obj. to R&R, p. 1, ECF No. 20). Specifically, he states that due to COVID-19, the "courts shut down on March 13, 2020," and that he had restricted movement while confined to his cell. (*Id.*)

### ii

"Courts have concluded that the COVID-19 pandemic 'could— in certain circumstances—conceivably warrant equitable tolling.'" *United States v. Henry*, No. 20-cv-1821, 2020 U.S. Dist. LEXIS 234135, 2020 WL 7332657, at *3 (W.D. Pa. Dec. 14, 2020) (quoting *United States v. Haro*, No. 8:18CR66, 2020 U.S. Dist. LEXIS 174481, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020)). But to be warranted, Dorsey "must

3

establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." *Id.* at *4 (citing *Pace*, 544 U.S. at 418).

Dorsey meets neither condition. First, he does not indicate that he was pursuing his rights diligently. "The diligence required for equitable tolling purposes is 'reasonable diligence.'" *Holland*, 560 U.S. at 653 (citation omitted). And the reasonable diligence requirement "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period the prisoner is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). After final judgment, Dorsey did not file his PCRA petition for 232 days—which included four months before COVID-19 was declared a pandemic in the United States. *See CDC Museum COVID-19 Timeline*, U.S. Centers for Disease Control and Prevention, https://www.cdc.gov/museum/timeline/covid19.html (last visited June 17, 2024). Then, after statutory tolling ceased on January 15, 2023, he waited another 164 days to file his habeas petition.

Second, Dorsey's claim—that he was constrained to his cell during the COVID-19 pandemic—does not present an extraordinary circumstance that prevented him from timely filing his habeas petition. Indeed, Dorsey's claim that he could not file a habeas petition is belied by his filing of a state PCRA petition on July 7, 2020. *See Dorsey*, 2022 WL 17729340.

Moreover, Dorsey details prison conditions from March 2020. But the statute of limitations for filing his habeas petition was tolled until January 15, 2023—nearly three years after the start of the pandemic—at which time the Eastern District of

4

Pennsylvania was operating at full capacity.  Setting aside that Dorsey filed a state petition shortly after the COVID-19 pandemic began in 2020, he presents no evidence that, in 2023, the court was shut down or that he otherwise could not file his habeas petition.

C

Finally, the statute of limitations may also be tolled on a showing of actual innocence.  *See McQuiggin v. Perkins*, 569 U.S. 383, 400–01 (2013).  Dorsey does not pursue this avenue of relief.

IV

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Reasonable jurists would not debate that Dorsey has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

An appropriate Order follows.[1]

---

[1] Before filing his objections to Judge Lloret's R&R, Dorsey also requested the appointment of counsel (ECF No. 19).  The Court referred Dorsey's motion to the Federal Community Defender Office (ECF No. 21), which determined that it will not appoint Dorsey counsel.  (ECF No. 22).  There is no constitutional right to counsel in a federal habeas proceeding.  *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991).  District courts have discretion to appoint counsel in habeas cases where the "interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  Courts should consider whether the claims are frivolous, the complexity of the factual and legal issues, and if appointment of counsel will benefit the petitioner and the Court.  *Reese,* 946 F.2d at 263-64.  Because the Court's *de novo* review finds Dorsey's habeas petition was untimely and he is therefore not eligible for relief, the request is denied.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.